RENE L. VALLADARES
Federal Public Defender
Nev. Bar No. 11479
RAQUEL LAZO
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax

Counsel for **Leonard Dilworth**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LEONARD DILWORTH<br><br>Defendant. | 2:12-cr-059-JAD-CWH<br><br>**UNOPPOSED MOTION TO AMEND CONDITIONS OF PROBATION** |

COMES NOW the defendant, LEONARD DILWORTH, by and through his attorney of record, Raquel Lazo, Assistant Federal Public Defender, pursuant to Federal Rule of Criminal Procedure 32.1(c) and 18 U.S.C. § 3563(c), and hereby moves this honorable Court to modify his travel restriction to permit him to travel outside the judicial district without first seeking the permission of the court or probation officer

DATED this 21st day of November, 2013.

                                       RENE L. VALLADARES
                                       Federal Public Defender

                                       */s/ Raquel Lazo*
                                       _____
                                       RAQUEL LAZO
                                       Assistant Federal Public Defender

# **POINTS & AUTHORITIES**

On October 28, 2013, this Court sentenced Mr. Dilworth to two years probation on a misdemeanor charge of Theft of Government Property. *See* Judgment (#45). This court ordered, as a standard condition, that Mr. Dilworth not leave the judicial district without the permission of the court or probation officer. *Id*. Mr. Dilworth now seeks a modification of this condition.

Mr. Dilworth respectfully submits that he be permitted to travel to California and Arizona without having to first seek permission from this court or probation. This travel modification request would only extend to travel to California and Arizona. Mr. Dilworth would still be required to seek permission for travel to any other state and for travel outside the Continental United States. Additionally, so that probation is fully aware about his whereabouts, Mr. Dilworth would still be required to advise probation of his travel plans (just not be required to obtain approval for the travel).

Upon meeting with his probation officer, Jeffrey Short, Mr. Dilworth learned that in addition to obtaining permission to travel outside of Nevada, the travel request must be made in writing and submitted to probation with at least 2-weeks advance notice. Mr. Dilworth has both work and personal obligations outside of Nevada. As a realtor, Mr. Dilworth often travels to California and Arizona. In addition, Mr. Dilworth travels to California several times a month to help care for his 85-year old father and to place flowers on his mother's grave. Mr. Dilworth also has ownership interest in real estate in California and travels there to oversee his interest. Unfortunately, he does not have a regular schedule of when he travels to California and Arizona, and he would be unable to always provide the notice probation is requesting.

This Court has the ability and discretion under the probation statutory framework to modify preexisting conditions of probation. 18 U.S.C. § 3563(c) provides, under the heading "Modifications of conditions," that:

> The court may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation.

Thus, the plain language of the statute indicates that the district courts have broad discretion to alter the conditions of a defendant's probation after probation begins. Moreover, a travel restriction, although generally imposed as a standard condition, is a discretionary condition. *See* 18 U.S.C. § 3563(b)(14). Discretionary conditions such as a travel restrictions may be imposed "to the extent that such condition[] [is] reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) ... ." 18 U.S.C. § 3563(b).

Restricting Mr. Dilworth's travel and requiring him to obtain authorization prior to traveling does nothing to further the general punishment goals of § 3553(a). Mr. Dilworth was convicted of a misdemeanor theft charge. He was granted a two year term of probation rather than the three years requested by probation. Mr. Dilworth recognizes that he has was only recently granted a term of probation and arguably has not yet had a chance to prove himself worthy of a modification request. Notably, however, he was on pretrial supervision for approximately 18 months. During this time, Mr. Dilworth was a model pretrial releasee and was fully compliant. He had no violations. Moreover, Mr. Dilworth was permitted to travel without seeking permission as long as the travel was within the continental United States. *See* PR Bond (#10). Indeed, he traveled various times without incident.

Undersigned counsel has spoken to Mr. Dilworth's probation officer, Mr. Short. Mr. Short remains neutral on the matter and defers to the Court. Undersigned counsel has also spoken to government counsel. Mrs. Silva has no opposition to Mr. Dilworth's request.

## **CONCLUSION**

Mr. Dilworth respectfully requests this Court grant the attached Order modifying his travel condition to grant him permission to travel, without first obtaining approval, to California and Arizona.

DATED this 21st day of November, 2013.

Respectfully submitted,

*/s/ Raquel Lazo*

RAQUEL LAZO
Assistant Federal Public Defender
Counsel for Leonard Dilworth

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>LEONARD DILWORTH,<br><br>           Defendant. | 2:12-cr-059-JAD-CWH<br><br>**ORDER MODIFYING TRAVEL CONDITION** |

      Under the authority provided in 18 U.S.C. § 3563(c), and after a review of the pertinent factors for modification of preexisting terms of probation set forth in 18 U.S.C. § 3553(a), it is hereby **ORDERED** that the Standard of Condition of Supervision (#1) in the Judgment found in court docket entry 45 be modified as follows:

      1.     With the exception of travel to California and Arizona, the defendant shall not leave the judicial district without permission of the court or probation officer. The defendant, however, will be required to advise probation of any travel plans to California and Arizona;

      All other sentencing determinations, terms, conditions, and rulings set forth in the aforementioned Judgment shall remain unchanged and binding.

      DATED this _6th day of December, 2013.

                                         _____
                                         UNITED STATES DISTRICT COURT JUDGE

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that she is an employee of the Law Offices of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on, November 21, 2013, she served an electronic copy of the above and foregoing **UNOPPOSED MOTION TO AMEND CONDITIONS OF PROBATION** by electronic service (ECF) to the person named below:

>DANIEL G. BOGDEN
>United States Attorney
>NICHOLAS DICKINSON
>Assistant United States Attorney
>333 Las Vegas Blvd. So., 5th Floor
>Las Vegas, Nevada 89101
>
>Via Electronic Mail to:
>
>UNITED STATES PROBATION
>ERIC CHRISTIANSEN
>United States Probation Officer

>/s/ Blanca Lenzi
>Employee of the Federal Public Defender